## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

**ELIZABETH PAPARELLA**, individually and on behalf of others similarly situated,

        Plaintiff,

vs.

**CARECENTRIX, INC.**,

        Defendant.

Civil Case No.:

### COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff **ELIZABETH PAPARELLA**, individually and on behalf of all others similarly situated, by and through her attorneys, The Sorokin Law Firm and Brown, LLC, hereby brings this Collective and Class Action Complaint against Defendant **CARECENTRIX, INC**., and alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

### INTRODUCTION

1.  Plaintiff brings this action for herself and all other similarly situated collective members to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* and attendant regulations at 29 C.F.R. §516, *et seq.*

2.  Plaintiff also brings this action for herself and all other similarly situated Rule 23 class members to recover double damages for unpaid wages including overtime, pre- and post-judgment interest, and reasonable attorneys' fees and costs as a result of Defendant's violation of the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. § 31-58, *et seq.*

3.  Defendant CareCentrix, Inc. allegedly provides health benefits management

services to more than 23 million people by connecting providers with patients with the care they need at home, through a national network of over 8,000 credentialed provider locations providers, with customer care centers located across the United States.

4.     Defendant employs a staff of hourly-paid Verification Specialists including Plaintiff to work on the process of verifying patients' insurance coverage for medical treatments.

5.     Defendant implemented a system – Key Performance Indicator ("KPI") – to determine productivity of the Verification Specialists by counting their recorded work time (through ADP and I-Client) against the completed cases.

6.     The Verification Specialists were required to complete a minimum of three (3) cases per recorded work hour, that is, approximately twenty (20) minutes per case, to meet their KPI requirement.

7.     If the Verification Specialists did not meet the minimum KPI requirement, they were subject to disciplinary actions including warnings, probation, etc.

8.     In practice, depending on the circumstances, oftentimes it would take the Verification Specialists more than twenty (20) minutes and up to one hour or longer to complete a case.

9.     To meet the KPI requirement with the assigned caseload, Defendant and management maintained a common *de facto* policy and practice of requiring and/or permitting the Verification Specialists to perform work off-the-clock outside of their recorded work time without pay.

10.     The off-the-clock work by the Verification Specialists included time spent working before they clocked in for the day, while they clocked out for lunch break, and after they clocked out for the day.

11.     In addition, Defendant failed to include non-discretionary bonus pay including monthly and yearly bonuses in the Verification Specialists' *regular rate of pay* before statutory overtime compensation is computed, in violation of the FLSA and 29 CFR Part 778.

12.     As a result of Defendant's common unlawful policies and practices, the Verification Specialists were not compensated for all hours worked and not compensated overtime at a rate of not less than one and one-half (1.5) times their *regular rate of pay* for work performed in excess of forty (40) hours per week, in violation of the FLSA and CMWA.

13.     Plaintiff asserts the FLSA claims on behalf of the following putative FLSA collective pursuant to 29 U.S.C. § 216(b):

> *All Verification Specialists employed by Defendant at any time during the period of three (3) years prior to the commencement of this action through the date of judgment.*

14.     Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all Verification Specialists of Defendant permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

15.     Plaintiff asserts the CMWA claims on behalf of the following putative class pursuant to Fed. R. Civ. P. 23:

> *All Verification Specialists employed by Defendant at any time during the period of two (2) years prior to the commencement of this action through the date of judgment.*

16.     Defendant has willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

17.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et*

*seq.*

18.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

19.     This Court has personal jurisdiction over Defendant because it does business within the state of Connecticut and is registered with the Connecticut Department of the Secretary of State.

20.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant employed Plaintiff in this district and because a substantial portion of the events that give rise to the Plaintiff's claims occurred in this district.

## PARTIES

**Defendant**

21.     Defendant CareCentrix, Inc. is a company that provides health benefits management services for network providers, healthcare professionals, and patients.

22.     According to the Connecticut Secretary of State website, Defendant's headquarters is located at 20 Church Street, 12th Floor, Hartford, CT 06103 and Defendant has the following designated agent: Corporation Service Company at 50 Weston Street, Hartford, CT 06120.

**Plaintiff**

23.     Plaintiff Elizabeth Paparella is a resident of Wethersfield, CT and has signed a consent form to join this lawsuit, which is attached as ***Exhibit A***.

24.     Plaintiff was employed by Defendant from approximately 2013 to November 1, 2018 at its 20 Church Street, Hartford, CT 06103 location.

25.     Plaintiff was employed by Defendant as a full-time hourly-paid customer service

representative in the Sleep Department from approximately 2013 to June. 2015.

26.     Plaintiff was employed by Defendant as a full-time hourly-paid Verification Specialist in the Verification Department from approximately July 2015 to November 1, 2018.

27.     Plaintiff's hourly rate was $20.54 when she was separated from the company.

## FACTUAL ALLEGATIONS

28.     Defendant is an employer within the meaning of 29 U.S.C. § 203(d) of the FLSA and Conn. Gen. Stat. § 31-71a (1) of the CMWA.

29.     Plaintiff and other Verification Specialists were the "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA and Conn. Gen. Stat. § 31-71a (2) of the CMWA.

30.     Defendant has operated and controlled an enterprise engaged in commerce as defined under the FLSA.

31.     Defendant has generated over $500,000 in revenue per year.

32.     Defendant has two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

33.     Defendant has engaged in ordinary commercial activities within the meaning of the FLSA that result in sales made or business done.

34.     Defendant "suffered or permitted" Plaintiff and other Verification Specialists to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

35.     Defendant, directly or indirectly, hired Plaintiff and other Verification Specialists and determined the rate and method of the payment of their wages.

36.     Defendant controlled the work schedules, duties, protocols, applications, assignments and conditions of employment of Plaintiff and other Verification Specialists.

37.     Defendant's Verification Specialists are hourly-paid employees.

38.     The position of Verification Specialist has been classified as non-exempt throughout the liability period alleged in this Complaint.

39.     The Verification Specialists' primary duties consist of collecting and entering clinical and demographic information to begin the referral process along with verifying eligibility and benefits information by contacting health plans or payers to ensure services provided will be covered by the carrier.

40.     The Verification Specialists including Plaintiff performed primary job duties that do not fall within any exemptions from overtime under the FLSA and CMWA.

41.     The Verification Specialists were required to complete a set amount of cases per recorded work hour.

42.     The Verification Specialists logged in to ADP and I-Client to record work time.

43.     The Verification Specialists were regularly required and/or permitted to work five (5) days a week.

44.     The Verification Specialists were regularly required and/or permitted to work over forty (40) hours per week.

45.     Defendant implemented a system – Key Performance Indicator ("KPI") – to determine productivity of the Verification Specialists by counting their recorded work time (through ADP and I-Client) against the completed cases.

46.     The Verification Specialists were required to complete a minimum of three (3) cases per hour, that is, approximately twenty (20) minutes per case, to meet their KPI requirement.

47.     If the Verification Specialists did not meet the minimum KPI requirement, they

were subject to disciplinary actions including warnings, probation, etc.

48.     In practice, depending on the circumstances, oftentimes it would take the Verification Specialists more than twenty (20) minutes and up to one hour or longer to complete a case.

49.     If the Verification Specialists were behind their three-case-per-hour requirement, they would need to work more time to catch up such minimum KPI requirement.

50.     However, the more time they clocked in to work on catching up the behind caseload, the more cases they were actually required to complete as it (the recorded time) continued to count against their productivity.

51.     To meet the KPI requirement with the assigned caseload, Defendant and management maintained a common *de facto* policy and practice of requiring and/or permitting the Verification Specialists to perform work off-the-clock outside of their recorded work time without pay.

52.     The off-the-clock work by the Verification Specialists included time spent working before they clocked in for the day, while they clocked out for lunch break, and after they clocked out for the day.

53.     As a Verification Specialist, Plaintiff regularly worked five (5) or more days a week.

54.     As a Verification Specialist, Plaintiff regularly worked over forty (40) hours a week.

55.     As a Verification Specialist, Plaintiff regularly worked off-the-clock during the time before she clocked in for the day to, *inter alia*, turn on the computer, open the websites, open the required systems and spreadsheets, check emails, etc. so she could be ready to work on

7

the assigned cases when she logged in to ADP and I-Client.

56.     As a Verification Specialist, Plaintiff regularly worked off-the-clock when she clocked out for lunch break to keep working on the assigned cases.

57.     As a Verification Specialist, Plaintiff regularly worked off-the-clock after she clocked out for the day to keep working on the assigned cases.

58.     Defendant had daily production reports which were believed to be generated approximately every two (2) hours and which would show the worked and completed cases with time-stamped data.

59.     Management including supervisor(s) and team lead(s) had knowledge of the off-the-clock work performed by the Verification Specialists.

60.     Management approved and permitted some overtime, but its *de facto* policy was to discourage all hours from being reported.

61.     Management required and/or permitted the Verification Specialists to work off-the-clock.

62.     Plaintiff had conversations with management including her supervisor and team lead regarding the minimum KPI requirement and working the caseload off-the-clock.

63.     In addition to hourly wages, the Verification Specialists also non-discretionary monthly bonus for attendance, performance, etc. and non-discretionary yearly bonus.

64.     Defendant failed to include non-discretionary bonus pay including monthly and yearly bonuses in the Verification Specialists' *regular rate of pay* before statutory overtime compensation is computed, in violation of the FLSA and 29 CFR Part 778.

65.     Generally, the *regular rate of pay* is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number

8

of hours actually worked in that workweek for which such compensation was paid.

66.     When an employee receives a bonus, that bonus is included as part of the total remuneration. 29 C.F.R. § 778.110(b). When a bonus is paid on a monthly basis, then it is apportioned to the relevant pay periods. 29 C.F.R. § 778.209(a).

67.     To the extent the Verification Specialists recorded work time of more than forty (40) hours per week, they were paid overtime at time and one-half (1.5) of the regular hourly rate, but *not* at the *regular rate of pay*.

68.     As a result of Defendant's common unlawful policies and practices, the Verification Specialists were not compensated for all hours worked and not compensated overtime at a rate of not less than one and one-half (1.5) times their *regular rate of pay* for work performed in excess of forty (40) hours per week, in violation of the FLSA and CMWA.

69.     For instance, Plaintiff's paystub for the bi-weekly pay period of June 9, 2018 to June 22, 2018 shows that Plaintiff was paid 80 regular hours at $20.54 and 15.17 overtime hours at $30.81.

70.     Plaintiff performed work off-the-clock for approximately ten (10) to (12) hours each week during the bi-weekly pay period of June 9, 2018 to June 22, 2018 for which she was not compensated.

71.     Therefore, Plaintiff was deprived overtime pay for approximately twenty (20) to twenty-four (24) hours during the bi-weekly pay period.

72.     Plaintiff and other Verification Specialists were subjected to the unlawful common policies and practices of Defendant as stated herein that violated the FLSA and CMWA.

73.     Defendant failed to keep accurate records of total number of hours actually

worked by employees each workweek and thus Verification Specialists.

74.     The FLSA requires employers to maintain records of all hours worked and wages paid to employees. 29 U.S.C.A. § 211(c).

75.     Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments.

76.     Defendants' violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

77.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

78.     Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of all hourly-paid Verification Specialists who have been affected by Defendant's common unlawful policies and practices which include failure to pay overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq*.

79.     Plaintiff brings this collective action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of :

> *All Verification Specialists employed by Defendant at any time during the period of three (3) years prior to the commencement of this action through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

80.     Plaintiff brings this collective action against Defendant to recover unpaid

overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

81.     The collective action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

82.     Plaintiff seeks to send Notice to the Verification Specialists permitting them to assert FLSA claims in this collective action by filing their individual consent forms, as provided by 29 U.S.C. § 216(b) and supporting case law.

83.     Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they had the same job positions and performed the same or similar job duties as one another on behalf of Defendant; (b) they were subject to the same or similar unlawful policies and practices as stated herein; and (c) their claims are based upon the same factual and legal theories.

84.     Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

85.     Plaintiff and the putative FLSA collective members demand a trial by jury.

## RULE 23 CLASS ACTION ALLEGATIONS

86.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

87.     Plaintiff seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, for and on behalf of all hourly-paid Verification Specialists who have

been affected by Defendant's common unlawful policies and practices which include failure to pay wages including overtime, in violation of the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. § 31-58, *et seq*.

88.    Plaintiff brings this Rule 23 class action on behalf of:

> *All Verification Specialists employed by Defendant at any time during the period of two (2) years prior to the commencement of this action through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

89.    Plaintiff brings this Rule 23 class action against Defendant to recover double damages for unpaid wages including overtime, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the CMWA.

90.    The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical.   The Rule 23 class members should be easy to identify from Defendant's payroll and personnel records.

91.    There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each individual class member.

92.    Plaintiff's claims are typical of those of the Rule 23 class members in that she and all other class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. All of the Rule 23 class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to compensate overtime wages as required by the CMWA. Any lawsuit brought by an employee of Defendant would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

93.     Plaintiff was employed by Defendant in the same capacity as all of the class members. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay wages including overtime. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

94.     Plaintiff will fully and adequately protect the interests of the class members and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and her counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

95.     Defendant's corporate-wide policies and practices affected all class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claim arises from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and her counsel know of no unusual difficulties in this case.

96.     Plaintiff and the Rule 23 class members demand a trial by jury.

### COUNT I
### (29 U.S.C. § 216(b) Individual Claim)
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.
### Failure to Pay Overtime Wages

97.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

98.     29 U.S.C. § 207(a)(1) provides:

[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular

13

rate at which he is employed.

99.     Plaintiff regularly worked more than forty (40) hours per workweek.

100.    Defendant maintained a common *de facto* policy and practice of requiring and/or permitting Plaintiff to perform work off-the-clock outside of her recorded work time without pay.

101.    Defendant failed to pay Plaintiff for time spent performing off-the-clock work at time and a half (1.5) of Plaintiff's *regular rate of pay* in workweeks where Plaintiff worked over forty (40) hours.

102.    Defendant failed to include non-discretionary bonus pay including monthly and yearly bonuses in the Plaintiff's *regular rate of pay* before statutory overtime compensation is computed, in violation of the FLSA and 29 CFR Part 778.

103.    Defendant's conduct and practices, described herein, have been willful, intentional, unreasonably, arbitrary, and in bad faith.

104.    Because Defendant has willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

105.    As a result of Defendant's uniform policies and practices described above, Plaintiff has been illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**COUNT II**
**(29 U.S.C. § 216(b) Collective Action Claim)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**Failure to Pay Overtime Wages**

106.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

107.    Plaintiff and the FLSA collective members regularly worked more than forty (40)

hours per workweek.

108.    Defendant maintained a common *de facto* policy and practice of requiring and/or permitting Plaintiff and the FLSA collective members to perform work off-the-clock outside of their recorded work time without pay.

109.    Defendant failed to pay Plaintiff and the FLSA collective members for time spent performing off-the-clock work at time and a half (1.5) of the *regular rate of pay* in workweeks where they worked over forty (40) hours.

110.    Defendant failed to include non-discretionary bonus pay including monthly and yearly bonuses in the Verification Specialists' *regular rate of pay* before statutory overtime compensation is computed, in violation of the FLSA and 29 CFR Part 778.

111.    Defendant's conduct and practices, described herein, have been willful, intentional, unreasonably, arbitrary, and in bad faith.

112.    Because Defendant has willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

113.    As a result of Defendant's uniform policies and practices described above, Plaintiff and the FLSA collective members have been illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**COUNT III**
**(Individual Claim)**
**Violation of the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58, *et seq*.**
**Failure to Pay Wages including Overtime**

114.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

115.    Conn. Gen. Stat. § 31-60 provides, in pertinent part, that:

(a)  Any employer who pays or agrees to pay to an employee less than the minimum fair wage or overtime wage shall be deemed in violation of the provisions of this part.

116.    Plaintiff regularly worked more than forty (40) hours per workweek.

117.    Defendant maintained a common *de facto* policy and practice of requiring and/or permitting Plaintiff to perform work off-the-clock outside of her recorded work time without pay.

118.    Defendant failed to pay Plaintiff for time spent performing off-the-clock work at time and a half (1.5) of Plaintiff's *regular rate of pay* in workweeks where Plaintiff worked over forty (40) hours.

119.    Defendant's conduct and practices, described herein, have been willful, intentional, unreasonably, arbitrary, and in bad faith.

120.    As a result of Defendants' unlawful common policies and practices described above, Plaintiff has been illegally deprived of wages earned including overtime, in such amounts to be determined at trial, and is entitled to recovery of double damages for such total unpaid amounts, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to the CMWA.

**COUNT IV**
**(Fed R. Civ. P. 23 Class Action Claim)**
**Violation of the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58, *et seq*.**
**Failure to Pay Wages including Overtime**

121.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

122.    Plaintiff and the Rule 23 class members regularly worked more than forty (40) hours per workweek.

123.    Defendant maintained a common *de facto* policy and practice of requiring and/or permitting Plaintiff and the Rule 23 class members to perform work off-the-clock outside of their

16

recorded work time without pay.

124.     Defendant failed to pay Plaintiff and the Rule 23 class members for time spent performing off-the-clock work at time and a half (1.5) of the *regular rate of pay* in workweeks where they worked over forty (40) hours.

125.     Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

126.     As a result of Defendant's unlawful common policies and practices described above, Plaintiff and the Rule 23 class members were illegally deprived of wages earned including overtime, in such amounts to be determined at trial, and are entitled to recovery of double damages for such total unpaid amounts, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to the CMWA.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(A)     A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B)     A declaratory judgment that Defendant's wage practices alleged herein violate the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. § 31-58, *et seq.*;

(C)     An Order for injunctive relief ordering Defendant to comply with the FLSA and CMWA and end all of the illegal wage practices alleged herein;

(D)     Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

17

(E)     Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the CMWA claims set forth herein;

(F)     Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(G)     Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(H)     Designating Lead Plaintiff as the representatives of the FLSA collective and Rule 23 class in this action;

(I)     Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Class in this action;

(J)     Judgment for damages for all unpaid overtime wages and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(K)     Judgment for damages for double damages for all unpaid wages, pre- and post-judgment interest to which Plaintiff and the Rule 23 class members are lawfully entitled under the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58, *et seq.*;

(L)     An incentive award for the Lead Plaintiff for serving as representative of the FLSA collective and Rule 23 class in this action;

(M)     Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as

provided by the FLSA and CMWA;

(N)     Judgment for any and all civil penalties to which Plaintiff and the FLSA collective and Rule 23 class members may be entitled; and

(O)     Such other and further relief as to this Court may deem necessary, just and proper.

**JURY DEMAND**

Plaintiff, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through her attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: February 6, 2019

**THE SOROKIN LAW FIRM**
**(Local Attorneys)**

By: */s/ Matthew C. Sorokin*
Matthew C. Sorokin
mat@sorokinlaw.com
9 Lewis Street
Hartford, CT 06103
860-776-6017

**BROWN, LLC**
**(Lead Attorneys)**

Jason T. Brown (will seek *pro hac vice*)
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com

*Attorneys for Plaintiff*