3:19-cv-180(JAM)

JUDGMENT BASED ON

# S E T T L E M E N T   A G R E E M E N T

This Settlement Agreement ("Agreement") is entered into by and between Elizabeth Paparella, Antolina La Salle, Tia Vann, Celeste Cummings, Shwana Brathwaite, Sarah Preissler, Deborah Wood and Krinick Bailey (collectively "Plaintiffs") and CareCentrix, Inc. ("CareCentrix" or "Defendant").

# R E C I T A L S

**WHEREAS,** on February 6, 2019, Lead Plaintiff Elizabeth Paparella ("Paparella") filed a lawsuit against CareCentrix, captioned *Paparella v. Carecentrix, Inc.,* No. 3:19-cv-00180-JAM, in the United States District Court for the District of Connecticut (the "Lawsuit"), alleging claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*, and the Connecticut Minimum Wage Act ("CMWA");

**WHEREAS,** Paparella brought the Lawsuit in her individual capacity and also in a representative capacity pursuing both a collective and class action;

**WHEREAS,** the Parties later stipulated the Lawsuit's scope should be limited and agreed the Lawsuit would proceed only as a collective action and only embraced CareCentrix's Verification Department located in Hartford, Connecticut;

**WHEREAS,** the Court granted the Parties' Joint Stipulation of Conditional Certification on June 17, 2019 (ECF No. 25);

**WHEREAS,** besides the Lead Plaintiff Paparella, seven (7) Opt-In Plaintiffs joined this Lawsuit by returning their consent forms, and each, by and through collective counsel, negotiated their claims individually with CareCentrix;

**WHEREAS,** following negotiations between each Plaintiff and CareCentrix, the Parties reached agreement resolving their differences to avoid the uncertainty and expense of litigation;

**WHEREAS,** each Plaintiff and CareCentrix have reached an agreement to settle the Lawsuit, along with any and all claims each Plaintiff and CareCentrix may have against one another; and

**WHEREAS**, Plaintiffs and CareCentrix agree to file a joint motion for the purpose of seeking Court's Approval of the Parties' settlement.

**NOW, THEREFORE,** in consideration of the foregoing and of the terms, conditions and agreements hereinafter set forth, Plaintiffs and CareCentrix agree as follows:

1.    Recitals.    The Recitals are true and correct and are incorporated into this Agreement.

2.    Payment to Plaintiffs.    CareCentrix agrees to pay to Plaintiffs the total sum of Eighty-Three Thousand Four Hundred and Fifty Dollars ($83,450.00), less deductions and

1

withholdings required by law (the "Settlement Sum").  The Settlement Sum will be allocated among Plaintiffs in accordance with each Plaintiff's respective portion as set forth **Exhibit B** attached hereto. The Settlement Sum paid to each respective Plaintiff will be allocated as follows: fifty percent (50%) issued as W-2 payment for alleged unpaid wages and fifty percent (50%) issued as 1099 payment for alleged statutory damages.  CareCentrix shall make settlement checks payable to each respective Plaintiff's name in the amounts specified in Exhibit A and the settlement checks shall be sent with a tracking number to Plaintiffs' Counsel Jason T. Brown and Ching Yuan ("Tony") Teng, BROWN, LLC, 111 Town Square Place, Suite 400, Jersey City, NJ 07310 within fifteen (15) business days of the Final Execution of this Agreement by all Parties and its approval by the United States District Court of Connecticut.

3. <u>Payment to Plaintiffs' Counsel</u>.  CareCentrix agrees to separately pay to Plaintiffs' Counsel, BROWN, LLC, the total sum of Sixty Thousand Dollars ($60,000.00) representing One Thousand Six Hundred Ninety-Six Dollars ($1,696.00) for litigation costs (the "Costs") and Fifty-Eight Thousand Three Hundred and Four Dollars ($58,304.00) for attorneys' fees (the "Attorneys' Fees") pursuant to the fee-shifting provisions under the statutes.  Such payment for the Costs and Attorneys' Fees shall be sent with a tracking number to Plaintiffs' Counsel Jason T. Brown and Ching Yuan ("Tony") Teng, BROWN, LLC, 111 Town Square Place, Suite 400, Jersey City, NJ 07310 within fifteen (15) business days of the Final Execution of this Agreement by all Parties and its approval by the United States District Court of Connecticut.

4. <u>Withholding</u>.  CareCentrix will issue IRS Forms W-2 and 1099 and to each Plaintiff for the portion of her Settlement Sum set forth in Exhibit B, and an IRS Form 1099 to Plaintiffs' Counsel for the Attorneys' Fees and the Costs.  Plaintiffs' counsel and each Plaintiff shall provide CareCentrix with executed W-9 forms.

5. <u>Mutual Release and Settlement Agreement</u>.  This Agreement is contingent on each and all individual Plaintiffs executing a separate Mutual Release and Settlement Agreement in the form attached hereto as **Exhibit A** and its approval by the Court.

6. <u>No Admission of Liability</u>.  The parties agree that this Agreement does not constitute an admission by CareCentrix that any action it took with respect to Plaintiffs was wrongful, unlawful, or in violation of any statute, law, or regulation.  Instead, this Agreement is entered into by Plaintiffs and CareCentrix solely for the purpose of compromise and to avoid the further cost of litigation.

7. <u>Responsibility for Attorneys' Fees</u>.  It is agreed that Plaintiffs' Attorneys' Fees, which were negotiated separately from and outside of Plaintiffs' recovery are fair, reasonable and adequate, and it is expressly contemplated that the payments to be made under paragraph 3 above include all of Plaintiffs' attorneys' fees, costs, and expenses.  CareCentrix shall not be responsible for any attorneys' fees or costs other than those set forth in paragraph 3 above.

8. <u>Attorneys' Fees and Costs For Breach of This Agreement</u>.  CareCentrix and Plaintiffs agree that in any action arising from or relating to enforcement of any provision of this Agreement, the party who prevails on any or all issues presented shall be entitled to recover the

party's reasonable attorneys' fees and expenses, including attorneys' fees and costs incident to appeal, without invalidating this Agreement.

9.    <u>Applicable Law, Choice of Forum, Submission to Jurisdiction</u>.  This Agreement shall be governed and interpreted by Connecticut law without regard to conflicts of law principles.  Any action to enforce this Agreement shall be exclusively brought in the United States District Court in Connecticut.

10.    <u>Binding Effect</u>.  This Agreement shall bind and benefit the heirs, personal representatives, administrators, successors, affiliates, and assigns of the parties.

11.    <u>Counterparts</u>.  This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same agreement.  Any photocopy of the executed original or of any counterpart shall be deemed to be an original for any and all purposes.  The parties also agree that the executed counterparts may be delivered to the other parties by facsimile transmission and/or e-mail, the copy of which shall be deemed an original copy.

12.    <u>Court Approval</u>.  This Agreement is made subject to approval by the United States District Court of Connecticut.

## EXHIBIT A

**THIS MUTUAL RELEASE AND SETTLEMENT AGREEMENT** ("Agreement") memorializes the agreement entered into on the ___ day of December 2019 between [PLAINTIFF'S NAME] ("PLAINTIFF'S NAME" or "Plaintiff") and CareCentrix, Inc. ("CareCentrix" or "Company") ("PLAINTIFF'S NAME" and CareCentrix together as "Parties") and is intended to set forth the terms and conditions of the agreement reached by [PLAINTIFF'S NAME] and CareCentrix in connection with all disputes between them.

**WHEREAS,** Plaintiff Elizabeth Paparella ("Paparella") filed a lawsuit against CareCentrix on February 6, 2019 ("Lawsuit") alleging violations of the Fair Labor Standards Act ("FLSA") and the Connecticut Minimum Wage Act ("CMWA");

**WHEREAS,** Paparella brought the Lawsuit in her individual capacity and also in a representative capacity pursuing both a collective and class action;

**WHEREAS,** the Parties later stipulated the Lawsuit's scope should be limited and agreed the Lawsuit would proceed only as a collective action and only embraced CareCentrix's Verification Department located in Hartford, Connecticut;

**WHEREAS,** [Plaintiff's Name], a former employee of CareCentrix who worked in the Hartford Verifications Department, joined the collective action by executing a consent to join form, which she thereafter filed with the United States District Court;

**WHEREAS,** following negotiations between [Plaintiff's Name] and CareCentrix, the Parties reached an agreement resolving their differences to avoid the uncertainty and expense of litigation;

4

**NOW, THEREFORE,** based on the mutual obligations set forth below and for such other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties hereby agree to the following terms and conditions:

1. <u>**Defined Terms**</u>.   Unless the context plainly requires otherwise, the following terms have the definitions set forth below:

   (a)   <u>**Agreement**</u>.   The term "Agreement" means this fully integrated agreement to the exclusion of all other prior agreements, understandings, offers, or representations.

   (b)   <u>**CareCentrix**</u> or <u>**Company**</u>.   The terms "CareCentrix" or "Company" include and mean CareCentrix, Inc., in each and every capacity, together with its past and present: representatives, agents, employees, contractors, subsidiaries, parent companies, corporate affiliates, operating divisions, members, shareholders, executives, managers, investigators, insurers, attorneys, officers, directors, administrators, predecessors, successors, heirs, and assigns.

   (c)   <u>**Claims**</u>.   The term "Claims" includes and means:

      (i)   Any and all claims, damages (of any kind), demands, actions, rights, acts, omissions, representations, delicts, debts, liabilities, benefits, liens, obligations, contractual rights, charges, fees (including but not limited to attorney's fees), costs, and every conceivable cause of action or suit, regardless of:

         a.   Whether in tort or in contract;

5

b.    Whether in law, equity, arising from or under any and all statutes, or of any kind or nature whatsoever;

c.    Whether known or unknown;

d.    Whether direct or indirect;

e.    Whether asserted individually, collectively, derivatively, or in a representational capacity;

f.    Whether anticipated, existing, or could have been alleged to exist as of the date of this Agreement's Final Execution;

**--AND--**

**(ii)**    Arising from, arising out of, related to, as a consequence of, or caused (directly or indirectly) by any act, matter or thing done or omitted to be done by CareCentrix, inclusive of all effects, consequences, and results thereof, from the beginning of time through the date of Final Execution of this Agreement.

**(d)**    **[Plaintiff's Name] or Plaintiff.**  The terms "[Plaintiff's Name]" or "Claimant" include and mean:  [Plaintiff's Name], in each and every capacity, together with her representatives, agents, investigators, insurers, attorneys, children, spouse, executors, administrators, heirs, and assigns, whether known or unknown.

**(e)**    **Final Execution.**  The term "Final Execution" means the date when all of the following conditions have been fulfilled:

6

      **(i)**      All Parties and intended signatories have executed this Agreement;

      **(ii)**      [Plaintiff's Name] has furnished an executed W-9 form;

      **(iii)**      [Plaintiff's Name]'s law firm has furnished an executed W-9 form;

      **(iv)**      The United States District Court of Connecticut has issued a written order fully and finally approving this Settlement Agreement.

**(f)**      <u>**Litigation.**</u>  The term "Litigation" includes any and all Claims (as defined herein) that:

      **(i)**      Could have been asserted in the Lawsuit or any lawsuit brought by [Plaintiff's Name];

      **(ii)**      Could have been asserted between the Parties, through the date of Final Execution, in any court or tribunal capable of affording a remedy, regardless of their nature.

**(g)**      <u>**Parties**</u>.  The term "Parties" includes and means [Plaintiff's Name] and CareCentrix as defined by this Agreement.

**(h)**      <u>**Settlement Amount**</u>.  The term "Settlement Amount" exclusively includes and solely means: the amount of monies agreed to be paid by CareCentrix to [Plaintiff's Name] as set forth in Paragraph 2 below.

2.      <u>**Payment of Settlement Amounts.**</u>  The following payment shall occur by delivery of settlement checks, with a tracking number, to Attorneys Jason T. Brown and Ching Yuan ("Tony") Teng, Esq., Brown, LLC, 111 Town Square Place, Suite 400, Jersey City, NJ

07310 within fifteen (15) business days of the Final Execution of this Agreement by all Parties and its approval by the United States District Court of Connecticut.

**(a)**    CareCentrix shall pay [Plaintiff's Name] the total sum of _____ and 00/100 ($\_\_\_\_\_.00) Dollars ("Settlement Amount"). CareCentrix shall separately pay collective counsel, Brown, LLC, a negotiated amount for reasonable attorneys' fees and costs pursuant to the fee-shifting provision of the statutes.

**(b)**    The Settlement Amount shall constitute the full extent of any amounts CareCentrix shall be deemed to owe [Plaintiff's Name] and extinguishes all Claims (as defined by Paragraph 1(c)) and as set forth in Paragraphs 3 & 4 below.  The Settlement Amount shall conclusively end all Litigation, without further recourse.

**(c)**    The Settlement Amount shall be transmitted *via* two settlement checks made payable as follows:

**(i)**    _____and 00/100 ($\_\_\_\_\_.00) Dollars, subject to and less withholdings, payable to [Plaintiff's Name] as compensation for alleged lost back-pay;

**(ii)**    _____and 00/100 ($_____.00) Dollars payable to [Plaintiff's Name] as settlement compensation for statutory damages.

**(d)**    As to the checks referenced above (*i.e.,* one check for $\_\_\_\_.00 (less withholdings) and a second for $\_\_\_\_.00), [Plaintiff's Name] represents and warrants that such checks are properly made

8

payable in the name of "[Plaintiff's Name]" and that [Plaintiff's Name] has not legally changed her name since her last date of employment with CareCentrix.  Checks shall not be issued in a name other than [Plaintiff's Name].

**(e)**     CareCentrix's payment responsibility is ended and terminates upon delivery of the Settlement Amount to Attorney Tony Teng, Esq. as counsel for [Plaintiff's Name].

**(f)**     [Plaintiff's Name] and her counsel shall be solely responsible for the proper distribution of the Settlement Amount. The amounts respectively payable to [Plaintiff's Name] and her counsel were solely determined and included at the direction of [Plaintiff's Name] and her counsel without input from CareCentrix.

**(g)**     Final Execution of this Agreement shall only occur upon the execution of this Agreement by all Parties, the provision by [Plaintiff's Name] of the W-9 information of both [Plaintiff's Name] and her law firm as required by CareCentrix to issue settlement payments, and the issuance of an order by the United States District Court fully and finally approving this Settlement Agreement.

**3.     Release and Discharge of CareCentrix, Inc.**  By executing this Agreement, [Plaintiff's Name] irrevocably and unconditionally releases and forever discharges CareCentrix of all Claims.  [Plaintiff's Name] hereby agrees and stipulates the Final Execution of this Agreement shall operate as *res judicata* over all Claims [Plaintiff's Name] has asserted or could

9

have alleged in Litigation against CareCentrix as of the date of Final Execution of this Agreement.

4.    **Release and Discharge of [Plaintiff's Name].**   By executing this Agreement, CareCentrix irrevocably and unconditionally releases and forever discharges [Plaintiff's Name] of all Claims.   CareCentrix hereby agrees and stipulates that the Final Execution of this Agreement shall operate as *res judicata* over all Claims CareCentrix has asserted or could have alleged in Litigation against [Plaintiff's Name] as of the date of the Final Execution of this Agreement.

5.    **Representations and Warranties**.  The Parties represent and warrant that:

(a)    They both possess the full power and authority to enter into this Agreement;

(b)    They have not assigned or transferred, nor will they assign or transfer, any Claims they may possess, or any portion thereof, which were asserted or could have been asserted before or during any Litigation.

6.    **Responsibility for Third-Party Claims.**   [Plaintiff's Name] agrees that CareCentrix shall be released, discharged, indemnified and held harmless from any liability to any third-party, lienholder, or subrogee that may have any interest in the Settlement Amount with respect to the Claims and allegations that could have been asserted in potential Litigation had a lawsuit eventuated, including those individuals, parties, or entities claiming to be an assignee, subrogee, or joint-owner of any of the Claims [Plaintiff's Name] did or could have asserted and otherwise as follows:

(a)     [Plaintiff's Name] shall be solely responsible for the payment and compromise of any and all applicable liens, assignments, and tax liabilities, if any, that may arise from payment of the Settlement Amount.

(b)     [Plaintiff's Name] shall solely be responsible for the payment or satisfaction of any existing liens.  Any such lien or claim of subrogation will be satisfied and discharged solely from the Settlement Amount payable under this Agreement, to the exclusion of any other source.

(c)     To the extent any other third-party may claim an interest in the Settlement Amount, [Plaintiff's Name] shall assume full and sole responsibility to satisfy the same.

7.     **Mutual Non-Disparagement.**   [Plaintiff's Name] and CareCentrix both agree they will refrain from criticizing, making negative comments, or causing negative comments to be made that could disparage or damage the reputation of the other party.  In the event such a communication is made to anyone, including but not limited to, the media, public interest groups, publishing companies, or through internet postings, it will be considered a material breach of this Agreement's terms. [Plaintiff's Name] also agrees she will not encourage or incite other current or former CareCentrix employees to disparage or assert any complaint, claim or charge, or to initiate any legal proceeding, against CareCentrix. Nothing shall preclude the parties from providing truthful testimony in response to a legal subpoena or court order to testify before any federal, state, or local regulatory or law enforcement agency or in a judicial proceeding.

11

8.     **<u>Neutral Reference</u>**.  CareCentrix agrees that, upon request, its Human Resources Department will give Plaintiff a neutral reference which will consist of confirming her dates of employment, position(s) held, and rate of pay, in accordance with CareCentrix's general policy regarding employment references.  All requests for such references shall be directed to the already existing number designated by CareCentrix for such usage: 1-866-604-6572 Code #16516.

9.     **<u>Reasonable Efforts</u>**.  The Parties mutually agree to cooperate and take all steps necessary and reasonable to effectuate this Agreement.

10.    **<u>No Admission and No Prevailing Party</u>**.  Nothing in this Agreement shall be construed as an admission by CareCentrix of the validity of any Claims asserted by [Plaintiff's Name].  CareCentrix expressly denies all wrongdoing and liability alleged by [Plaintiff's Name].  [Plaintiff's Name] further acknowledges and agrees that CareCentrix's execution of this Agreement does not make [Plaintiff's Name] a "prevailing party" under any law or regulation.  Except as set forth herein pertaining to any breach of the Agreement and subject to Paragraph 12 below, [Plaintiff's Name] will not seek any other monies, benefit, recovery, or anything else from CareCentrix, including any attorney's fees or other costs.

11.    **<u>Consideration Acknowledged</u>**.  The Parties acknowledge and stipulate: they have received good, valuable, and sufficient consideration for their execution of this Agreement and the consideration stated herein is sufficient to support and does, in fact, support the full and final release and waiver of all Claims the Parties may have against one another.

12.    **<u>Attorney's Fees & Costs</u>**.  In relation to [Plaintiff's Name]'s attorney's fees, CareCentrix agrees to separately pay collective counsel, Brown, LLC, such fees determined by a further written agreement of the Parties, as negotiated between counsel between the Parties.

12

13. **Acknowledgments.**  Both Parties expressly acknowledge and declare that:

    **(a)**    No other or further contract, promise or inducement whatsoever has been made to them by the other Party causing them to enter this Agreement;

    **(b)**    They have carefully read and fully understand the terms and conditions of this Agreement;

    **(c)**    They have reviewed and discussed the terms and conditions of this Agreement with their legal counsel and where needed, they have sought legal advice on any and all concerns or questions relating to this Agreement's terms and conditions;

    **(d)**    They have signed the Agreement of their own free will and accord;

    **(e)**    The existence or non-existence of any other fact or information would not alter their respective decisions to execute this Agreement.

14. **Entire Agreement**.  This Agreement constitutes the complete understanding between the Parties in this matter.  This Agreement supersedes any and all prior or contemporaneous representations, promises, inducements, understandings, and agreements.  This Agreement shall not and cannot be amended except by a written instrument signed by [Plaintiff's Name] and a duly authorized signatory of CareCentrix.

15. **Covenant Not to Sue**.  The Parties hereby covenant to refrain from initiating suit against one another for any and all Claims embraced by this Agreement.

16. **Breach.**  In any action for breach of this Agreement, including but expressly not limited to Paragraph 15, the prevailing party shall be entitled to an award of reasonable attorney's fees and costs in an amount to be determined by the court.

13

17.   **<u>No Construction Against Drafter</u>.**  This Agreement shall be construed as if the Parties prepared it jointly.  Any uncertainty or ambiguity shall not be interpreted against either of the Parties.

18.   **<u>Counterparts and Legally Binding E-Signature</u>.**  This Agreement may be executed in multiple counterparts, each of which shall be deemed an original Agreement, and all of which shall constitute one agreement to be effectuated.  Photocopies, facsimile copies, or legally binding e-signed copies (such as one duly executed via HelloSign or DocuSign) of this Agreement may be treated as an original.

19.   **<u>No Re-employment</u>.**  [Plaintiff's Name] has made disputed Claims regarding her employment at CareCentrix.  Accordingly, the Parties stipulate and agree that CareCentrix will not re-employ [Plaintiff's Name].  And, [Plaintiff's Name] will not knowingly seek reemployment or assignment as a temporary or contract worker with CareCentrix or any of its affiliates or subsidiaries in any capacity or position.

Robin D. Tabora by:
/s/ Yelena Gutierrez
December 30, 2019

14

**E X H I B I T   B**

| Name | Portion of Settlement Sum | W-2 Payment subject to any legal tax withholdings | 1099 Payment |
|---|---|---|---|
| Elizabeth Paparella | $32,000.00 | $16,000.00 | $16,000.00 |
| Antolina La Salle | $35,000.00 | $17,500.00 | $17,500.00 |
| Tia Vann | $3,600.00 | $1,800.00 | $1,800.00 |
| Celeste Cummings | $3,600.00 | $1,800.00 | $1,800.00 |
| Shwana Brathwaite | $2,250.00 | $1,125.00 | $1,125.00 |
| Sarah Preissler | $3,600.00 | $1,800.00 | $1,800.00 |
| Deborah Wood | $1,500.00 | $750.00 | $750.00 |
| Krinick Bailey | $1,900.00 | $950.00 | $950.00 |
| **Collective Total to be Paid** | **$83,450.00** | | |

CareCentrix shall make settlement checks payable to each respective Plaintiff's name in the amounts specified above and the settlement checks shall be sent with a tracking number to Plaintiffs' Counsel Jason T. Brown and Ching Yuan ("Tony") Teng, BROWN, LLC, 111 Town Square Place, Suite 400, Jersey City, NJ 07310 within fifteen (15) business days of the Final Execution of this Agreement by all Parties and its approval by the United States District Court of Connecticut.